UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN CAROLYN FERRIS MOORE,

      Plaintiff,

v.                                                CASE NO. 8:22-cv-2410-MSS-SPF

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Attorney's Fees (Doc. 14),[1] brought pursuant to the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412. On February 21, 2024, this Court entered an Order reversing and remanding the case to the Commissioner for further proceedings (Doc. 12). The Clerk entered judgment for Plaintiff on February 22, 2024 (Doc. 13). As the prevailing party, Plaintiff now requests an award of $7,407.97 in attorney's fees, and $402.00 in costs (Doc. 14). *See* 28 U.S.C. § 2412(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Having considered the motion, Defendant's lack of objection, and the pertinent factors regarding an award of attorneys' fees under the EAJA, the Court grants Plaintiff's motion.

For Plaintiff to be awarded fees under the EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net

---

[1] Plaintiff is advised to comply with Local Rule 3.01(a) in future filings. *See* L.R. 3.01(a), M.D. Fla. ("If the interested parties agree to the relief sought in a motion, the title must include 'unopposed.'").

worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330 (M.D. Fla. 2008).

Here, Plaintiff has timely filed her application for EAJA fees within 30 days of the date the judgment became final.[2] Plaintiff states that her net worth did not exceed $2 million when this action was filed (Doc. 14 at 1). Further, as Plaintiff contends, the United States' position was not substantially justified, and no special circumstances exist which would make an award of attorneys' fees and costs unjust in this instance. *See* 28 U.S.C. § 2412(d)(1)(A). Moreover, Defendant has not suggested any basis for determining that an award of fees would be unjust. Indeed, Defendant has no objection to this motion (Doc. 14-5). Therefore, Plaintiff has established her entitlement to attorneys' fees.

With respect to the amount of attorneys' fees, EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988), *aff'd*

---

[2] The plaintiff in a social security case has 30 days beyond the 60-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). In this case, Plaintiff timely filed her application for fees on March 11, 2024. (Doc. 28); *see also* Fed. R. Civ. P. 6(a)(1)(C).

496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

By her motion, Plaintiff seeks an award of attorneys' fees in the amount of $7,407.97. This amount is based on a total of 4.5 hours expended by Plaintiff's attorney Charles Binder in 2022 at an hourly rate of $239.74 and 26.40 hours expended by Plaintiff's attorney Gabrielle B. Saint Charles in 2022 and 2023 at the same hourly rate (Doc. 14-3). Based on the undersigned's own knowledge and experience and the lack of challenge by Defendant to the claimed hours or rates, the Court concludes that both the hourly rates and the number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotation omitted). Therefore, the Court will grant Plaintiff's motion, and Plaintiff will be awarded $7,407.97 in attorneys' fees.[3]

Additionally, court costs and expenses are compensable under the EAJA. *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000) ("The EAJA also authorizes the award of 'costs' and 'expenses.' 28 U.S.C. § 2412(a)(1) & (d)(1)(A). It is undisputed that [plaintiff] incurred $150.00 in costs in the form of the filing fee. She is

---

[3] If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 14-4) and pay the fees directly to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

3

entitled to recover this amount."); *see also Huitt v. Apfel*, No. 99-0712-CB-C, 2000 WL 726914, at *3 (S.D. Ala. May 25, 2000) (finding "plaintiff is entitled to court costs of $150.00 and expenses of litigation in the amount of $56.40" for service of process and certified mail postage). Here, Plaintiff is entitled to recover the $402.00 federal filing fee as a cost reasonably incurred (Doc. 14-3).

Accordingly, it is hereby **RECOMMENDED**:

1. Plaintiff's Motion for Attorney's Fees (Doc. 14) be **GRANTED**.
2. Plaintiff be awarded attorneys' fees in the amount of $7,407.97 and costs in the amount of $402.00.
3. The Clerk be directed to enter an amended judgment accordingly.

**IT IS SO REPORTED** in Tampa, Florida, on March 21, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

4